# United States Bankruptcy Court
## Northern District of Georgia

In re __Amy Rebecca Stumbaugh__                                        Case No. __17-67763-bem__
                                Debtor(s)                              Chapter __13__

## AMENDED CHAPTER 13 PLAN

**Extension** ☐                                        **Composition** ☑

     **You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of __$1,071.00 Monthly__ to Trustee by ☑ Payroll Deduction(s) or by ☐ Direct Payment(s) for the applicable commitment period of __36__ months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

    The following alternative provision will apply if selected:

    ☐ IF CHECKED, Plan payments will increase by $__ in month __ upon completion or termination of __.

3. **Claims Generally.** The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    (A). **Trustee's Fees.** The Trustee shall receive a statutory fee in the amount established by the Attorney General and the United States Trustee.

    (B). **Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $ __4,200.00__ for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $ __0.00__ was paid prior to the filing of the case. The Trustee shall disburse the unpaid amount of the fee, $ __4,200.00__, as allowed under General Order 18-2015, as follows: (1) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the funds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to $ __4,200.00__ after the payment of any payments under 11 U.S.C. § 1326(a)(1)(B) or (C) and administrative fees. The remaining balance of the fees shall be paid up to $ __800.00__ per month until the fees are paid in full; (2) If the case is <u>converted prior</u> to confirmation of the plan, Debtor directs the Trustee to pay fees to Debtor's attorney from the funds available of $ __2,000.00__ (amount not to exceed $2,000); (3) If the case is <u>dismissed prior</u> to confirmation of the plan, fees for Debtor's attorney of $ __2,000.00__ as set forth on the 2016(b) disclosure statement (amount not to exceed $2,000) are allowed pursuant to General Order 18-2015 and shall be paid by the Trustee from the funds available without a fee application. Debtor's attorney may file a fee application for fees sought over $2,000.00 within 10 days of the Order of Dismissal; (4) If the case is <u>converted after</u> confirmation of the plan, Debtor directs the Trustee to pay to Debtor's attorney from the funds available, any allowed fees which are unpaid; and (5) If the case is <u>dismissed after</u> confirmation of the plan, Trustee shall pay to Debtor's attorney from the funds available, any allowed fees which are unpaid.

    HOW ADDITIONAL NON-BASE FEES ARE TO BE PAID:
Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for NON-BASE SERVICES (See Section 7 of the 2016(b) statement) as they are performed on an as-needed basis. Upon completion of a non-base service, Debtor's attorney may file a certification with the Court, serving all parties in interest with notice of the certification and the opportunity to be heard on the matter. If the non-base fee is approved by the Court, then the fee shall be added to the balance of the unpaid base fee in this case and paid accordance with paragraph 4(B) above. If the base fee has been paid in full then the non-base fee shall be paid at a rate of $125 per month, and the distributions shall be reduced, pro rata, by that amount until the

non-base fee is paid in full.

Business Case Designation by Ch. 13 Trustee $1,250.00
Audit by U.S. Trustee $ 825.00
Post-Confirmation modification to add creditor $ 100.00
Post-confirmation modification $ 300.00
Post-bar date review lien avoidance $ 300.00
Other post-bar date review modifications $ 300.00
Post-confirmation MFRS for nonpayment or no insurance $ 300.00
Post-confirmation MFRS re: payment disputes $ 500.00
Motion to suspend plan payments/excuse default $ 300.00
Motion to sell property of the estate $ 500.00
Motion to Retain Tax Refund(s) $ 400.00
Motion to approve compromise $ 500.00
Application to employ professional $ 300.00
Application/motions to refinance $ 300.00
Post-bar date: Trustee Motion to Dismiss $ 200.00
Hardship discharge motions $ 1000.00
Post-confirmation stay violations $ 500.00
Objections to claims (post-confirmation) $ 250.00
Motion to sever/dismiss as to one joint debtor $ 300.00
Motion to reopen or vacate dismissal $ 500.00
Motion to reconsider / re-impose stay $ 500.00
Motion to Approve Loan modifcation $500.00
Hourly Services
Adversary Proceedings $ 300.00/hr
Appellate Practice $ 300.00/hr
Loan Modification $300.00 hr
(Any services not specifically set forth above are to deemed to fall within the Base Fee category

## 5. Priority Claims.

### (A). Domestic Support Obligations.

☑ None. If none, skip to Plan paragraph 5(B).

> (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.
>
> (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).
>
> | -NONE- |
>
> (iii). Anticipated Domestic Support Obligation Arrearage Claims
>
> > (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.
>
> ☑ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage<br>claim | (c)<br>Projected monthly arrearage<br>payment |
|---|---|---|
| -NONE- | | |

12.01.15
Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                     Best Case Bankruptcy

    (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

    ☑ None; or
    Claimant and proposed treatment:    -NONE-

  **(B). Other Priority Claims (e.g., tax claims).** All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a) Creditor | (b) Estimated claim |
|---|---|
| Georgia Department of Revenue | 0.00 |
| Internal Revenue Service | 23,915.54 |

**6. Secured Claims.**

  (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

    (i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

    Debtor shall make the following adequate protection payments:

    ☐ directly to the creditor; or

    ☑ to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
| Santander Consumer USA | 2006 Lexus IS350 49000 miles Motor Vehicle Value based on the Consumer Edition of the NADA Official Used Car Guide® | 100.00 |

    (ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If the Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

      (a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

      ☑ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase date | (d)<br>Claim amount | (e)<br>Interest rate | (f)<br>Monthly payment |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**(b). Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase date | (d)<br>Replacement value | (e)<br>Interest rate | (f)<br>Monthly payment |
|---|---|---|---|---|---|
| Santander Consumer USA | 2006 Lexus IS350 49000 miles Motor Vehicle Value based on the Consumer Edition of the NADA Official Used Car Guide® | Opened 09/12 Last Active 1/19/17 | 6,675.00 | 4.50% | 100.00 to step to 550.00 beginning April 2018 |

**(c). Other provisions.**

**(B). Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a)<br>Creditor | (b)<br>Property description | (c)<br>Estimated pre-petition arrearage | (d)<br>Projected monthly arrearage payment |
|---|---|---|---|
| ACS-Crabapple Lake Parc Community Assoc. | 6085 Baywood Drive Roswell, GA 30076  Fulton County | 630.00 | 60.00 beginning April 2018 |
| Ditech | 6085 Baywood Drive Roswell, GA 30076  Fulton County Debtor's Residence Value based on county taxes, recent sales, FMLS. | 12,334.25 | 225.00 beginning April 2018 |

**(C). Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a)<br>Creditor | (b)<br>Collateral to be surrendered |
|---|---|

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| Marine 1 Acceptance | 2011 Keystone Cougar Recreational 32' Camper |

**7. Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $ 46,117.66 . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $ 0.00 or 25 %, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

**8. Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☑ None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| -NONE- | | | |

**9. Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

**10. Other Provisions:**

    (A). **Special classes of unsecured claims.**

    (B). **Other direct payments to creditors.**

        Atlanta Community Services: Debtor will pay claim directly at 0.00 per month.

(C). **Other provisions.**

(C). Other allowed secured claims: A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with 0 % interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non- administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

(D). Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f): The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

(E). Court orders otherwise, a "Notice of Post-Petition Mortgage Fees, Expenses, and Charges" filed pursuant to Rule 3002.1 (c) F. R. Bankr. P., or a statement which is filed pursuant to 3002.1 (g) F .R. Bankr. P. and sets out unpaid amounts, shall not be funded through the office of the Chapter 13 Trustee.

(F) Any tax refund that is issued to the Debtor during the Applicable Commitment Period shall be paid into the Debtor's Chapter 13 case. Further, the Debtor instructs and authorizes the Internal Revenue Service or any other applicable tax agency to send any refund issued during the Applicable Commitment Period directly to the Debtor's Chapter 13 Trustee. Upon Written request to the Chapter 13 Trustee , the debtor may retain up to $2000.00 of tax refund with a motion being filed.

Date  February 11, 2018     Signature  /s/ Amy Rebecca Stumbaugh
                                       Amy Rebecca Stumbaugh
                                       Debtor

Attorney  /s/ David E. Galler
          David E. Galler 283015

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: : CASE NO. 17-67763-BEM
:
AMY REBECCA STUMBAUGH, :
: CHAPTER 13
DEBTOR. :

## CERTIFICATE OF SERVICE

I, **Karen Shepard**, certify that I am over the age of 18 and that on February 12, 2018, I served a copy of the foregoing **AMENDED CHAPTER 13 PLAN** by first CM/ECF transmission and/or first class U. S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated below:

Mary Ida Townson, Standing Chapter 13 Trustee
*Via CM/ECF*

Amy Rebecca Stumbaugh, Debtor
6085 Baywood Drive
Roswell, GA 30076
*Via First Class U.S. Mail*

ALL CREDITORS ON ATTACHED MAILING MATRIX
*Via First Class U.S. Mail*

This 12th day of February, 2018.

/s/_____
Karen Shepard, Legal Assistant To
David Galler, Esquire
Galler Law, LLC
875 Old Roswell Road
B-100
Roswell, GA 30076
Tel: 678-310-9088
Karen@gallerlaw.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113E-1<br>Case 17-67763-bem<br>Northern District of Georgia<br>Atlanta<br>Mon Feb 12 11:35:27 EST 2018 | AT & T<br>Processing Center<br>P.O, 1986<br>Buffalo, NY 14240-1986 | American Express Bank, FSB<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 |
| Amex<br>Correspondence<br>Po Box 981540<br>El Paso, TX 79998-1540 | Amex<br>Po Box 297871<br>Fort Lauderdale, FL 33329-7871 | Atlanta Community Services<br>Crabapple Lake Parc<br>4485 Tench Rd<br>Suwanee, GA 30024-6746 |
| Capital One, N.A.<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | Credit Union Of Georgi<br>3048 Eagle Drive<br>Woodstock, GA 30189-5531 | Credit Union of Georgia<br>69 South Ave<br>Marietta ga 30060-2396 |
| Ditech<br>Attn: Bankruptcy<br>Po Box 6172<br>Rapid City, SD 57709-6172 | Ditech<br>Po Box 6172<br>Rapid City, SD 57709-6172 | Ditech Financial LLC fka Green Tree Servicin<br>P.O. Box 6154<br>Rapid City, South Dakota 57709-6154 |
| David E. Galler<br>Galler Law, LLC<br>P. O. Box 2118<br>Roswell, GA 30077-2118 | (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 | Andrew D. Gleason<br>Lefkoff, Rubin, Gleason & Russo, P.C.<br>Suite 900<br>5555 Glenridge Connector<br>Atlanta, GA 30342-4762 |
| IC Systems, Inc<br>444 Highway 96 East<br>St Paul, MN 55127-2557 | IC Systems, Inc<br>Po Box 64378<br>Saint Paul, MN 55164-0378 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| Internal Revenue Service<br>POB 7346<br>Philadelphia, PA 19101-7346 | Kohls/Capital One<br>Kohls Credit<br>Po Box 3043<br>Milwaukee, WI 53201-3043 | Kohls/Capital One<br>N56 W 17000 Ridgewood Dr<br>Menomonee Falls, WI 53051-5660 |
| Lefkoff, Rubin, Gleason & Russ<br>5555 Glenridge Connector<br>Ste 900<br>Atlanta, GA 30342-4762 | Marine 1 Acceptance<br>5000 Quorum Drive<br>Suite 200<br>Dallas, TX 75254-7405 | Midland Funding<br>2365 Northside Dr Ste 30<br>San Diego, CA 92108-2709 |
| Midland Funding, LLC<br>Midland Credit Management, Inc. as agent<br>Midland Funding, LLC<br>PO Box 2011<br>Warren, MI 48090-2011 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Santander Consumer USA<br>Po Box 961245<br>Ft Worth, TX 76161-0244 |
| Santander Consumer USA, Inc.<br>P.O. Box 961245<br>Fort Worth, TX 76161-0244 | Shapiro Pendergast & Hasty LLC<br>Attn:  Taylor Mansell<br>211 Perimeter Ctr Pkwy, Ste 30<br>Atlanta, GA 30346-1305 | Shapiro Pendergast & Hasty LLC<br>Attn: Lucretia Lashawn Scruggs<br>211 Perimeter Ctr Pkwy, Ste 30<br>Atlanta, GA 30346-1305 |

```
Amy Rebecca Stumbaugh            Synchrony Bank                         Synchrony Bank
6085 Baywood Drive               c/o PRA Receivables Management, LLC    25 SE 2nd Avenue, Ste 1120
Roswell, GA 30076-4245           PO Box 41021                           Miami, FL 33131-1605
                                 Norfolk, VA 23541-1021


Mary Ida Townson                 U. S. Attorney                         Webbank/Bankcard Services
Chapter 13 Trustee               600 Richard B. Russell Bldg.           PO Box 4499
Suite 2200                       75 Ted Turner Drive, SW                Beaverton, OR 97076-4499
191 Peachtree Street, NE         Atlanta GA 30303-3315
Atlanta, GA 30303-1770
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Georgia Deparment of Revenue     Internal Revenue Service
Bankruptcy Department            401 West Peachtree Street
1800 Century Blvd NE Ste 17200   M/S 334-D
Atlanta, GA 30345-3205           Atlanta, GA 30308-3539
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Credit Union of Georgia       (d)Synchrony Bank                      End of Label Matrix
                                 c/o PRA Receivables Management, LLC    Mailable recipients    35
                                 PO Box 41021                           Bypassed recipients     2
                                 Norfolk, VA 23541-1021                 Total                  37
```